# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Damien T. Nix,
     Petitioner,

    vs.                          Case No. 1:06cv203
                                     (Dlott, J.; Black, M.J.)

Wanza Jackson,
     Respondent.

_____

## REPORT AND RECOMMENDATION
_____

      Petitioner, a prisoner in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. This matter is before the Court on the petition (Doc. 1); respondent's return of writ with exhibits (Doc. 3); and petitioner's reply to the return of writ (Doc. 4).

## Procedural Background

      On May 16, 2002, the Hamilton County, Ohio, grand jury returned a three-count indictment charging petitioner with one count of murder in violation of Ohio Rev. Code § 2903.02(A) and two counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A); firearm specifications were attached to each count. (Doc. 3, Ex. A). The charges stemmed from a shooting incident that occurred on the night of April 20, 2002 in the Over-the-Rhine area of Cincinnati, which resulted in one person's death and another's injury. (*See id.* & Ex. E, pp. 2-8).

Apparently, petitioner's first trial resulted in a hung jury.  (*See id.,* Ex. E, p. 2). After a second jury trial, petitioner was found guilty as charged.  (*See id.,* Ex. B).  On October 22, 2003, petitioner was sentenced to a fifteen (15) year to life term of imprisonment on the murder charge, as well as a consecutive three (3) year term of imprisonment on the attached firearm specification.  (*Id.*).  In addition, petitioner was sentenced to three (3) year prison terms for the felonious assault offenses with consecutive three (3) year terms of imprisonment on the attached firearm specifications; the sentences for the felonious assault offenses and their attached specifications were to be served concurrently with each other, but consecutively to the sentence imposed on the murder charge and the firearm specification attached to that count.  (*Id.*).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising six assignments of error:

1.  The trial court erred when it failed to grant appellant's motion to suppress the identification testimony of Ursula Thomas.

2.  The trial court erred to by declaring a State's witness unavailable to testify and permitting the testimony from the first trial to be read to the jury.

3. Nix was denied a fair trial guaranteed to him under the Fourteenth Amendment of the United States Constitution due to misconduct by the prosecutor and the police.

4.  Appellant was denied the effective assistance of counsel when trial counsel elicited damaging identification evidence through cross-examination, failed to ask that hearsay testimony be stricken, and failed to object to the impermissible arguments of the prosecutor.

5.  The judgment of conviction is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that there was insufficient evidence adduced to establish each and every element of the offenses charged beyond a reasonable doubt.

6.  The judgment of conviction is contrary to the manifest weight of the evidence.

(*Id.,* Ex. C).

On October 15, 2004, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. E).

By letter dated November 2, 2004, petitioner's appellate counsel informed petitioner of the Ohio Court of Appeals' direct appeal decision. (*See id.,* Ex F, attachment). In the letter, counsel provided contact information for the Ohio Public Defender's Office for the purpose of "appealing to the Ohio Supreme Court," and stated further:

> The decision came out on October 15, 2004. You have 45 days from then to file the Notice of Appeal with the Ohio Supreme Court, along with a memorandum in support of jurisdiction. The Ohio Public Defender's Office will know what to do. You can have someone call me to arrange the pick-up of your transcripts.
>
> I am truly sorry that I am unable to help you. . . .

(*Id.*).

Apparently, as instructed, petitioner contacted the Ohio Public Defender's Office requesting assistance in appealing to the state supreme court. By letter dated November 17, 2004, the Ohio Public Defender informed petitioner: "I have reviewed your direct appeal and have concluded that this office will not be representing you in the supreme court." (*Id.*). The letter provided in relevant part:

> . . . .We may accept only those cases that have issues of arguable merit. Only those issues that were raised or arose in the court of appeals can be raised in the supreme court. A direct appeal must be based on facts that appear on the record. The facts of your case and the relevant law are such that the supreme court is unlikely to grant you leave to appeal. The supreme court accepts very few cases. I do not think they would find yours to be one of constitutional importance or great societal interest. Therefore, I cannot represent you.
>
> If you wish to take your case to the Ohio Supreme Court, you will have to represent yourself, or obtain other counsel. *If you are going to*

> *represent yourself, you will be responsible for complying with the court's*
> *rules of practice.  A copy of those rules is enclosed.  According to the*
> *rules, you must file a notice of appeal, a memorandum in support of*
> *jurisdiction, a case information statement, an affidavit of indigency, and*
> *the appropriate number of copies in the Ohio Supreme Court on or*
> *before November 29, 2004*.  If you cannot meet the deadline, you must
> file a motion for delayed appeal.  See Rule II, Section 2(A)(4)(a).

(*Id.*) (emphasis added).

Petitioner failed to file a timely appeal to the Supreme Court of Ohio in
accordance with the instructions set forth in the November 17, 2004 letter from the
Ohio Public Defender's Office.  Nearly three months later, on February 10, 2005,
petitioner filed a *pro se* motion for delayed appeal with the state supreme court.  (*Id.,*
Ex. F).  In support of his motion, petitioner averred that he was unable to file a timely
appeal because he did not receive the letter from the Ohio Public Defender declining
to assist him until November 22, 2004; petitioner claimed that "it would have been
impossible for him to meet the filing deadline" of November 29, 2004 with less than
one week left in which to prepare and submit the necessary pleadings to the state
supreme court.  (*Id.*).

On April 13, 2005, the Supreme Court of Ohio issued an Entry denying
petitioner's motion for delayed appeal and dismissed the case without opinion.  (*Id.,*
Ex. G).

Represented by different counsel, petitioner filed the instant petition for federal
habeas corpus relief on April 12, 2006.  (Doc. 1).  In the petition, petitioner asserts
four grounds for relief:

**Ground One:**  Admission of hearsay statements violated the petitioner's
right to confrontation.

**Ground Two**:  Counsel rendered ineffective assistance during trial.

**Ground Three:**  The State engaged in prosecutorial misconduct during
trial.

**Ground Four:**  The admission of an identification violated due process.

4

(*Id.,* pp. 5-6; Memorandum In Support of 28 U.S.C. § 2254 Motion, pp. 3, 8, 14, 19).

In the return of writ, respondent concedes that this case does not trigger any statute of limitations concerns.  (Doc. 3, Brief, p. 11).  It further appears that petitioner has exhausted all available state court remedies with respect to his claims for relief, all of which were raised on direct appeal to the Ohio Court of Appeals.   Respondent contends, however, that petitioner has waived these claims due to his procedural default in failing to file a timely appeal to the Supreme Court of Ohio from the Court of Appeals' direct appeal decision.  (*Id.*, pp. 11-14).

## OPINION

### Petitioner Has Waived His Claims For Relief Due To His Procedural Default In Failing To File A Timely Appeal To The Supreme Court of Ohio

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

5

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, petitioner committed a procedural default by failing to timely appeal the Ohio Court of Appeals' direct appeal decision to the Supreme Court of Ohio. Although petitioner attempted to obtain a delayed appeal nearly four months after the Court of Appeals issued its decision on direct appeal, the Sixth Circuit has held in an analogous case that the state supreme court's unexplained entry denying a motion for delayed appeal "constitutes a[n adequate and independent state] procedural ruling sufficient to bar federal court review of [the] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (*per curiam*), *cert. denied,* 543 U.S. 989 (2004); *see generally Harris,* 489 U.S. at 260-62. In so holding, the Sixth Circuit reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla,* 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein).

As the Sixth Circuit stated in *Bonilla,* "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to [such] an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Id.* (quoting *Coleman,* 501 U.S. at 750).

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered, or in other words, has not made a colorable showing that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498. Although petitioner alleged on direct appeal that the evidence was insufficient to support his conviction, establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency. *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999).

6

Petitioner also has failed to establish "cause" for his procedural default in the state courts. In both his brief in reply to the return of writ and his motion for delayed appeal to the Supreme Court of Ohio, he has argued that he was unable to perfect a timely appeal because he was not informed until a week before the filing deadline that he would not be represented by counsel on appeal to the state supreme court. (Doc. 3, Ex. F; Doc. 4, p. 2). The undersigned is not persuaded by this argument.

As an initial matter, the petitioner's *pro se* status in pursuing an appeal to the Supreme Court of Ohio is insufficient to establish cause to excuse his procedural default. *See Bonilla,* 370 F.3d at 498 (citing *Hannah v. Conley,* 49 F.3d 1193, 1197 (6th Cir. 1995)).

Moreover, to the extent petitioner contends his untimely filing was due to his appellate counsel's delay in informing him of the Court of Appeals' decision combined with the Ohio Public Defender's delay in declining to represent him on appeal, his argument is unavailing. Although constitutionally ineffective assistance of counsel may constitute cause for a procedural default, *see, e.g., Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Murray,* 477 U.S. at 488-89, attorney error cannot constitute cause for a default on discretionary appeal to the Supreme Court of Ohio, where there is no constitutional entitlement to counsel. *See, e.g., Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1804550, at *1-2 (S.D. Ohio June 28, 2006) (unpublished) (citing *Coleman,* 501 U.S. at 751-53).[1]

---

[1] *See also Shabazz v. Ohio,* 149 F.3d 1184 (table), 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (unpublished) (citing *Ritchie v. Eberhart,* 11 F.3d 587, 591-92 (6th Cir. 1993), *cert. denied,* 510 U.S. 1135 (1994)) (holding that the over one-year delay by attorney in filing an appeal to the Supreme Court of Ohio did not constitute cause for the petitioner's procedural default); *cf. Wainright v. Torna,* 455 U.S. 586, 587-88 & n.4 (1982) (*per curiam*) (holding that petitioner was not denied due process by the state supreme court's dismissal of an untimely-filed application for discretionary review or by retained appellate counsel's failure to file a timely application for discretionary review with that court, because petitioner neither had an absolute right to appeal his conviction to the state supreme court nor a constitutionally-protected right to effective assistance of counsel in seeking discretionary review by the state supreme court).

7

In any event, there was sufficient time remaining in the 45-day appeal period when petitioner was notified by his appellate counsel of the Ohio Court of Appeals' October 15, 2004 direct appeal decision and that he had 45 days from that date in which to perfect a timely appeal to the state supreme court.[2] Petitioner cannot claim that the appeal deadline did not apply to him simply because he used much of the remaining window of opportunity seeking to obtain counsel willing to represent him in the discretionary appeal.

Even assuming, *arguendo,* as petitioner contends, that his diligence in seeking to obtain counsel's assistance for appeal purposes should factor into the "cause" determination, petitioner did nothing within the seven days remaining in the appeal period to ensure a timely appeal would be filed after he learned on November 22, 2004 that the Ohio Public Defender had declined to represent him. Petitioner was provided legal assistance to the extent the Ohio Public Defender provided him with a copy of the state supreme court's Rules of Practice setting forth the requirements for perfecting appeals, and specified what petitioner needed to do to comply with those rules. (*See* Doc. 3, Ex. F, attachment). In addition, the Ohio Public Defender informed petitioner that he could only raise issues that already had been argued or had arisen on direct appeal. (*Id.*).

The four claims raised by petitioner in the instant habeas corpus action are the same claims of error asserted and argued by his appellate counsel on appeal to the Ohio Court of Appeals. (*See* Doc. 1, pp. 5-7; Doc. 5, Ex. 9). As in *Bonilla,* 370 F.3d at 498, petitioner has not indicated why he required additional time to conduct further legal research pertaining to these issues, or how he was otherwise limited in his

---

[2] The Sixth Circuit has ruled that the constitutional right to effective assistance of appellate counsel extends to include the duty of informing [the] client of the outcome of the appeal. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 433 (6th Cir. 2006). In *Smith,* the Sixth Circuit held that appellate counsel's failure to inform the petitioner of the Ohio Court of Appeals' decision until within days of the deadline for filing an appeal to the state supreme court amounted to ineffective assistance sufficient to constitute cause for the petitioner's procedural default. *Id.* at 434. *Smith* is inapposite, however, because in this case, petitioner's appellate counsel informed petitioner of the Court of Appeals' decision soon after the decision was entered, with close to four weeks remaining in the appeal period for petitioner to perfect a timely appeal to the Supreme Court of Ohio. (*See* Doc. 3, Ex. F, attachment).

ability within the remaining seven-day time frame from filing a timely appeal.[3]

Finally, petitioner has not provided any justification as to why it took him over two months after the appeal deadline passed to file his motion for delayed appeal with the Supreme Court of Ohio.

In sum, the undersigned concludes that petitioner has neither demonstrated cause for his procedural default in the state courts nor made a colorable showing of his actual innocence to establish that a fundamental miscarriage of justice will occur if his claims for federal habeas corpus relief are not considered on the merits. Therefore, in accordance with the Sixth Circuit's decision in *Bonilla,* the petition should be dismissed with prejudice on the ground that petitioner has waived his claims for relief due to his procedural default in failing to file a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' direct appeal decision.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc.1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the procedurally-barred claims alleged in the petition, because under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000),

---

[3] Even if delays inherent in the prison mailing system would have rendered it difficult for petitioner to meet the filing deadline with only seven days remaining in the appeal period, the Sixth Circuit has held that "prison officials' inaction" in sending appeal pleadings submitted by a prisoner for mailing "in sufficient time for [the pleadings] to arrive timely in the normal course of events," constitutes cause "sufficient to excuse a procedural default based upon a late filing." *Maples v. Stegall,* 340 F.3d 433, 438-39 (6th Cir. 2003) (citing *Mohn v. Bock,* 208 F.Supp.2d 796, 801-02 (E.D. Mich. 2002)) (holding that cause for late filing was established in case where the prisoner had submitted his appeal papers to prison officials for mailing five days prior to the filing deadline). Here, petitioner had time to prepare an appeal and submit it for mailing in sufficient time for it to arrive timely in the normal course of events, and, therefore, any delay by prison officials in sending the documents out would have been taken into account in petitioner's favor. However, by failing to make any attempt to perfect an appeal within that remaining time frame, petitioner cannot rely on such an argument to excuse his procedural default in this case.

"jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  7/11/07                     s/Timothy S. Black
      cbc                      Timothy S. Black
                               United States Magistrate Judge


J:\BRYANCC\2007 habeas orders\06-203denypet.bonilla-waiver.wpd

---

[4]  Because the Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of the test as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in Grounds One through Four of the petition.  *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Damien T. Nix,
      Petitioner,

                                                      Case No. 1:06cv203

          v.                                  (Dlott, J.; Black, M.J.)

Wanza Jackson,
      Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).